UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-61169-CIV-ZLOCH
             07-01399-BKC-RBR (ADVERSARY PROCEEDING)
             05-22912-BKC-RBR (CHAPTER 11)

In re: CERTIFIED HR SERVICES
COMPANY, f/k/a THE CURA GROUP,
INC., and CERTIFIED SERVICES,
INC.,

          Debtors.
_____/


JAMES S. FELTMAN, Chapter 11,
Trustee of CERTIFIED HR SERVICES          **ORDER WITHDRAWING BANKRUPTCY**
COMPANY, f/k/a The Cura Group,            **REFERENCE FOR SOLE PURPOSE OF**
Inc., and CERTIFIED SERVICES,             **    TRIAL AND STAYING ACTION    **
INC.,

          Plaintiff,

vs.

ROSENBERT, RICH, BAKER, BERMAN
& COMPANY, FRANK S.
LAFORGIA, and JOHN DOES (1-10),

          Defendants.
_____/


     THIS MATTER is before the Court upon Defendants' Motion To

Withdraw The Reference, To Declare Adversary Proceeding Non-Core And

For Transfer To District Court (DE 1).   The Court has carefully

reviewed said Motion and the entire court file and is otherwise fully

advised in the premises.

     In 2005, the Debtor Certified Services, Inc. (hereinafter "CSI")

filed for bankruptcy.   At the time, it had debts in excess of $100

million, with few, if any, assets to report.   In the earlier part of

this decade, Defendant Rosenberg, Rich, Baker, Berman & Company

(hereinafter "RRBB") provided independent audits for CSI's accounts.

Defendant Frank S. LaForgia (hereinafter "LaForgia") was the RRBB partner in charge of CSI's account and oversaw its independent audits.[1]   Based on the fallout from CSI's alleged fraud and its subsequent bankruptcy filing, Plaintiff as the Chapter 11 Trustee filed suit against Defendants.   In the Complaint, he alleges several causes of action, including professional negligence/malpractice and negligent representation, and he made a demand for a jury trial in the bankruptcy court as to counts I and II of the Complaint.   Defendants did not file an Answer to the Complaint or respond to the demand for a jury trial by the bankruptcy court; instead, they filed the instant Motion.

For a district court to withdraw a Reference from the bankruptcy court, the movant must establish "cause."   Defendants argue that counts I and II of Plaintiff's Complaint for accounting malpractice and negligent misrepresentation compose the balance of this action, and under the Seventh Amendment they are entitled to a jury trial on those issues.   The logic follows that by withdrawing the Reference, this Court can honor Defendants' constitutional rights and conserve judicial resources, and thereby, establish cause under the statute to withdraw the reference.  In opposition, Plaintiff makes two arguments. First, he argues that Defendants' right to a jury trial is protected by having the bankruptcy court hold a jury trial.   Second, he argues

---

[1] Allegations of specific acts of fraud perpetrated by CSI's executives and Defendants' complicity in the same spans over ten pages of Plaintiff's Response (DE 2) to the instant Motion.   The allegations themselves are not relevant to the question of whether Defendants are entitled to withdrawal of the bankruptcy Reference. Therefore, the Court will not recount the allegations in this Order.

that based on Defendants' failure to comply with Local Bankruptcy Rule 9015-1 and object to Plaintiff's demand for a jury trial by the bankruptcy court, they have waived any objection to a jury trial being conducted there.   Therefore, Plaintiff argues that Defendants cannot establish cause for withdrawing the Reference, because under either of his aforementioned arguments Defendant's Seventh Amendment rights are protected.

For the reasons expressed more fully below, the Court finds that Defendants' Seventh Amendment right to a jury trial and the interests of judicial economy provide cause for the Court to withdraw the Reference and entertain this action. Moreover, Plaintiff's procedural argument against withdrawal is misplaced.   For the bankruptcy court to conduct a jury trial, all Parties must give express consent. Because Defendants have not given express consent to a jury trial before the bankruptcy court, they cannot be compelled via waiver to have their rights adjudicated by a jury trial in bankruptcy court. Therefore, the Court shall grant Defendants' Motion (DE 1) and withdraw the Reference from the bankruptcy court for the sole purpose of conducting a jury trial and allow the bankruptcy court to entertain all pre-trial matters, including any dispositive motions.

## I. Withdrawal of Reference

United States District Courts have original, though not exclusive, jurisdiction over all bankruptcy proceedings.   28 U.S.C. § 1334 (2006).   A standing order of reference gives the bankruptcy court jurisdiction over this action and all those that come before it. Id. § 157(a).   Once a bankruptcy proceeding has been "referred to the bankruptcy court, the district court's authority to withdraw the

3

reference is governed by 28 U.S.C. § 157." In re American Capital Equipment, LLC, 324 B.R. 570, 572 (W.D. Pa. 2005). The relevant provision of § 157 states that

> [t]he district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown. The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.

28 U.S.C. § 157(d) (emphasis added).

Under § 157(d) there are two forms of withdrawal: mandatory and permissive. A mandatory withdrawal occurs when a case involves the resolution of "other laws of the United States regulating organizations or activities affecting interstate commerce." Id. Courts have given varied constructions to the mandatory clause. Compare In re American Solar King Corp., 92 B.R. 207, 209-10 (W.D. Tex. 1988) (interpreting mandatory clause to mean only federal laws of certain importance); and In re Manhattan Invest. Fund. Ltd., 343 B.R. 63, 66 (S.D. N.Y. 2006) (Mandatory withdrawal is only for cases where "substantial and material consideration of non-Bankruptcy Code federal statutes is necessary for the resolution of the proceeding.") (quotation omitted) (emphasis added), with In re Harris, 312 B.R. 591, 595 (N.D. Miss. 2004) (noting withdrawal is necessary when it involves federal law). Without deciding the correct standard, it is clear that mandatory withdrawal is only warranted in certain cases involving a question of federal law. Counts I and II of the Complaint arise under state tort law; therefore, mandatory withdrawal is inapplicable. See

4

<u>Macon Prestressed Concrete Co. v. Duke</u>, 46 B.R. 727, 729 (M.D. Ga. 1985), <u>superseded on other grounds as noted in</u> <u>In re T.R. Paris & Family, Inc.</u>, 89 B.R. 760 (Bankr. S.D. Ill. 1988). The issue then becomes whether Defendants have established cause under § 157(d) for a permissive withdrawal of the bankruptcy Reference.

The decision of whether to grant the permissive withdrawal of a bankruptcy Reference is committed to the sound discretion of the district courts, and is only done "for cause." <u>In re Parklane/Atlanta Joint Venture</u>, 927 F.2d 532, 538 (11th Cir. 1991). Unfortunately, the precise phrase "for cause shown" is not defined in the statute, and neither the Supreme Court nor the Eleventh Circuit has articulated a test for the district courts to apply. <u>In re Simmons</u>, 200 F.3d 738, 741 (11th Cir. 2000) (citation omitted). However, the Eleventh Circuit has noted that it "is not an empty requirement," <u>id.</u>, and suggested certain criteria, used by the Fifth Circuit, for district courts to determine whether a movant has established cause. <u>In re Parklane/Atlanta Joint Venture</u>, 927 F.2d at 536 n.5 (citing <u>Holland America Ins. Co. v. Succession of Roy</u>, 777 F.2d 992, 998 (5th Cir. 1985)). These factors include: (1) advancing uniformity in the administration of bankruptcy law; (2) prevention of forum shopping; (3) conservation of the parties' resources; and (4) facilitation of the bankruptcy process. <u>Id.</u> In <u>In re Hvide Marine, Inc.</u>, 248 B.R. 841 (M.D. Fla. 2000), the Middle District of Florida added additional factors for consideration that include: "(1) whether the claim is core or non-core; (2) efficient use of judicial resources; (3) whether a jury was demanded, and (4) prevention of delay." <u>Id.</u> at 844.

Certain of the aforementioned factors weigh in favor of denying

the instant Motion, including facilitating the bankruptcy process and preventing undue delay in the case.   However, three factors weigh significantly in favor of the Court granting the instant Motion and withdrawing the bankruptcy referral for purposes of a jury trial.

First, the claims at issue are non-core claims.   The core/non-core dichotomy delineates proceedings between those arising under Title 11 and all other claims.   "Core proceedings" encompass those proceedings that would not exist at law in the absence of the Bankruptcy Code.   In re Goodman, 991 F.2d 613, 617 (9th Cir. 1993); see also Cont'l Nat'l Bank v. Sanchez (In re Toledo), 170 F.3d 1340, 1349 (11th Cir. 1999) ("If the proceeding does not invoke a substantial right created by the federal bankruptcy law and is one that could exist outside of bankruptcy it is not a core proceeding."). Plaintiff's claims for professional negligence/malpractice and negligent representation are rooted in common law and do not arise from Title 11; they are, therefore, non-core proceedings.   E.g., In re The VWE Group, Inc., 359 B.R. 441, 448 (S.D.N.Y. 2007) ("It is abundantly clear that this claim for pre-petition malpractice against the debtor's former lawyers is a non-core proceeding.").

Second, Defendants have demanded a jury trial on counts I and II of Plaintiff's Complaint.   A party's right to a jury trial centers on whether either the Seventh Amendment, federal statute, or state constitutional guarantee provides for one.   In re Energy Resources Co., Inc., 49 B.R. 278, 281 (Bankr. Mass. 1985) (noting nothing in the bankruptcy code has abrogated such a right).   The Seventh Amendment gives parties the right to a jury trial for all suits at common law. U.S. Const. Amend VII.   The issue then becomes whether counts I and

II of Plaintiff's Complaint were recognized at common law at the time the Constitution was ratified.  Wright & Miller, 9 <u>Federal Practice & Procedure</u> § 2301 (West. 2008).  Counts I and II are for negligence and malpractice, based on Defendants' breach of their duty of care. The essence of such an action is in tort, and thus, presents a suit recognized at common law in 1789.  <u>See, e.g.</u>, <u>In re SPI Comm. & Marketing</u>, 112 B.R. 507, 511 (N.D. N.Y. 1990) (finding a malpractice claim sounded in tort and provided the defendant with the right to a jury trial).  Therefore, the Parties to this action have a Seventh Amendment right to a jury trial as to those claims.  <u>See In re The VWE Group, Inc.</u>, 359 B.R. at 448; <u>cf.</u> <u>In re Orion Pictures Corp.</u>, 4 F.3d 1095, 1101 (2d Cir. 1993) (noting that the "Constitution prohibits bankruptcy courts from holding jury trials in non-core matters").[2]

Third, whether withdrawal of the Reference will conserve both the Court's and the Parties' resources.[3]  The thrust of the Court's inquiry under this element is whether withdrawal of the Reference will prevent the Parties and the Court from expending unnecessary resources, in disposing of this action.  When a district court reviews a bankruptcy court's decision in a core-proceeding, it applies

_____

[2]In some jurisdictions the right to a jury trial itself constitutes cause sufficient to withdraw the Reference.  <u>Id.</u>; <u>In re Hassan</u>, 376 B.R. 1 (Bankr. Kan. 2007) (noting the "bankruptcy courts' lack of authority to conduct a jury trial without the parties' consent qualifies as 'cause' to withdraw the reference"); <u>contra In re Apponline.Com., Inc.</u>, 303 B.R. 723 (E.D.N.Y. 2004) ("A district court is not compelled to withdraw reference of case to bankruptcy court simply because party is entitled to jury trial.") (quotation omitted).

[3] Conservation of the Court's and Parties' resources could be considered separate factors.  However, for the sake of brevity the Court will consider them as one.

traditional appellate review to its findings.   28 U.S.C. § 158(a);
Fed. R. Bank. P. 8013.   However, when the district court reviews a
bankruptcy court's decision in a non-core proceeding, the bankruptcy
court must submit proposed findings of fact and conclusions of law to
the district court for a de novo review.   28 U.S.C. § 157(c)(1); Fed.
R. Bank. P. 9033(d).   In In re Lawrence Group, Inc., 285 B.R. 784, 789
& n.3 (N.D.N.Y. 2002), the Court noted that bankruptcy courts are only
empowered to render findings of fact and conclusions of law that are
reviewed de novo by the district court.   This creates a two-step
process that, if resolved in the district court in the first instance,
would be reduced to a one-step process.[4]   In this case, the Court can
by withdrawing the reference and putting everything into one
proceeding the Court combine all findings and evidence presented that
need to be made under counts III-VI with the Jury findings that will
be with counts I and II.   This single proceeding by the Court will
conserve both its and the Parties' resources.

Some of Plaintiff's arguments have merit, and certain factors do
weigh in favor of the Court denying the instant Motion.   For example,
there is no question that the bankruptcy process would be facilitated
by keeping the entire action concerning CSI, including all adversary
proceedings, before the Bankruptcy Court.   By doing so the bankruptcy
court can make uniform decisions in the hundreds of parties'
discovery-disputes that arise out of the underlying Chapter 11

---

[4] Defendants posit that the Court would be required to recall
witnesses in its de novo review of the bankruptcy jury's findings.
The Court notes that Fed. R. Bank. P. 9033(d), only speaks of the
Court reviewing the "bankruptcy judge's findings" and does not
reference those made by the bankruptcy court, which could include
jury findings.

proceeding, and make certain findings about the law that will be applied across the actions. However, any danger of delay or frustration of the ongoing bankruptcy action pending before the Bankruptcy Court can be alleviated by withdrawing the Reference for the sole purpose of this Court conducting a jury trial and allowing the Bankruptcy Court to conduct all pre-trial matters, including any dispositive motions. See Stein v. Miller, 158 B.R. 876, 880 (S.D. Fla. 1993). Thus, by withdrawing the Reference and allowing the Parties to litigate the core and non-core matters in the district court, the bankruptcy court is able to conserve scarce resources. And the district court can ensure that it does not duplicate efforts already expended by the bankruptcy court.

Plaintiff's core claims involve many of the same facts that he must establish under the non-core claims. Thus, if the Court withdraws the Reference for only the non-core claims, and lets the bankruptcy court adjudicate the core claims an obvious danger exists: the Parties could be exposed to inconsistent factual findings by the respective courts. To avoid this, the Court will withdraw the entire Reference, both the core and non-core claims. In re Orion Pictures Corp., 4 F.3d at 1101 ("[T]he fact that a bankruptcy court's determination on non-core matters is subject to de novo review by the district court could lead the latter to conclude that in a given case unnecessary costs could be avoided by a single proceeding in the district court."). This will also allow the Court to try all of the issues at once, saving the Parties the expense of litigating their case twice. In addition, by remanding this action to the bankruptcy court for all pretrial proceedings, the Court can ensure that the

9

bankruptcy court exercises its expertise over the core issues with which it is thoroughly familiar, including those that are likely to be raised in any dispositive motion. This will allow the Court to conserve judicial resources and ensure a speedy resolution to this case.

## II. Defendants' Waiver

Plaintiff has vigorously opposed Defendants' withdrawal of the bankruptcy Reference. While many of his arguments minimize or disagree with the factors outlined in In re Parklane/Atlanta Joint Venture, 927 F.2d at 536, Holland America Ins. Co. v. Succession of Roy, 777 F.2d at 998, and In re Hvide Marine, Inc., 248 B.R. at 844, Plaintiff also argues that under Local Bankruptcy Rule 9015-1, Defendants have waived their right to object to a jury trial before the bankruptcy court. Plaintiff's argument would preclude Defendants from arguing that a jury trial in this case cannot be heard by the Bankruptcy Court. Thus, under Plaintiff's argument Defendants' Seventh Amendment right would be protected by having a jury trial conducted by the bankruptcy court, and because it weighs so heavily in the Court's cause-analysis, Defendants could not establish cause for withdrawal of the Reference.

Plaintiff's argument that Defendants have waived their right to object to the bankruptcy court conducting a jury trial rests on his interpretation of Local Bankruptcy Rule 9501-1 and its waiver provision. In his Complaint, Plaintiff demanded a jury trial in the bankruptcy court as to counts I and II discussed above. Local Bankruptcy Rule 9015-1(C) requires that once a party has demanded a jury trial, the opposing party must file a statement of non-consent

10

within ten days after receiving the demand.  Therefore, he argues, that under 9501-1(E) Defendants "have waived their right to argue that the Bankruptcy Court cannot conduct the jury trial, as opposed to this Court."  DE 3, p. 2.  And while Plaintiff "acknowledges that the consent of the parties is required to conduct a jury trial before the bankruptcy Court, the failure of the Defendants to comply with Local Rule 9015-1 requires that the Bankruptcy Court conduct the jury trial."  Id.  Because his argument, if correct, would negate much of Defendant's reasoning for withdrawal, the Court ordered further briefing from the Parties on this point, including citation to governing authority in support of Plaintiff's reading of the Local Rule.  See DE 2.

In his Response (DE 3) to the Court's Order, Plaintiff candidly admitted that he was relying upon the text of the Local Rule itself to support his position and he has no other legal support for his reading.  Defendants also notified the Court that no other court had addressed the practical effect of a party's failure to comply with Local Rule 9015-1(C)'s deadline for a filing a response and the effect of waiver provision contained in 9015-1(E).  See DE 4.  Therefore, without the benefit of any other court addressing the effect of Local Rule 9015-1 and its pertinent subparts (C) and (E), the Court will analyze the drafters' intent as expressed in the plain meaning of Local Rule 9501-1.

There are two reasons why the plain language of the Local Rule does not lead to the conclusion reached by Plaintiff.  First, the Local Rule discusses waiver only in terms of the effect of a party's failure to demand a jury trial by a bankruptcy judge.  Second, under

11

Plaintiff's reading of the Local Rule, a party's failure to object to a jury demand by another party would vitiate the "express consent" that 28 U.S.C. § 157 requires all parties give before a bankruptcy court can hold a jury trial.

The Court begins its analysis with the Local Rule's text, because "[w]hen the words of a statute are unambiguous, then, this first canon [of statutory construction] is also the last: judicial inquiry is complete." CBS, Inc. v. Prime Time 24 Joint Venture, 245 F.3d 1217, 1222 (11th Cir. 2001)(citing Merrit v. Dillard Paper Co., 120 F.3d 1181, 1186 (11th Cir. 1997)).  The text of Local Rule 9015-1 states, in pertinent part:

> (A) Title of Pleading. If the complaint, answer or other pleading includes a demand for a jury trial, the words "Demand for Jury Trial" shall be included in the title of the pleading.
>
> (B) Any party may demand a trial by jury of any issue triable by right by a jury by serving upon the other parties a demand in writing at any time after the commencement of the action and not later than 10 days after the service of the last pleading directed to such issue.  Such demand may be included in a pleading of the party.
>
> (C) Deadline for Response. If a jury demand contains consent to jury trial by a bankruptcy judge, all other parties shall file a response within 10 days containing a statement consenting or not consenting to jury trial by a bankruptcy judge.
>
> . . . .
>
> (E) Waiver. The failure of a party to serve a demand as required by this rule and to file it constitutes a waiver by the party of trial by jury. A demand for trial by jury may not be withdrawn without the consent of the parties.

S.D. Fla. Bkr. L. R. 9015-1.

12

The waiver provision in Local Rule 9015-1(E) is addressed to a party's failure to serve a demand. It explicitly states that "the failure of a party to serve a demand as required by this rule and to file it constitutes a waiver by the party of trial by jury." S.D. Fla. Bkr. L.R. 9015-1(E) (emphasis added). The waiver provision in subpart (E) is silent concerning the effect of a party waiving an objection to a jury demand. In fact, the entire Local Rule is silent as to the effect of a party's failure to file a timely response to a jury demand under subpart (C). Because the drafters of the waiver-clause choose to address the waiver provision to the specific instance of a party's failure to demand a jury trial, the Court cannot expand it to include instances that were not included in the text, namely a party's failure to object to a jury-trial demand. Simply stated, there is no reason to expand the waiver provision beyond the text of subpart (E).[5] The rhetorical admonitions of those who would choose to go beyond the text are well documented and for the sake of brevity need not be repeated. See, e.g., Antonin Scalia, A Matter of Interpretation 42-44 (1997).

A persuasive reason why the drafters chose not to apply the

---

[5] While this restrained reading of the Local Rule, as a whole, will leave a violation of subpart (C) without redress from the Rule itself, this does not alone justify the Court importing new terms. As noted further in this Order such silence concerning a consequence is not absurd given the dictates of § 157(E). And the Bankruptcy Court can always redress a violation through its inherent powers. See, e.g., In re Weinraub, 361 B.R. 586, 589-90 (Bankr. S.D. Fla. 2007).

13

waiver provision of subpart (E) to the Response ordered in subpart
(C) is that such an expansive reading is contrary to the statute that
permits bankruptcy courts to hold jury trials.  A bankruptcy court may
only hold a jury trial if all the parties give express consent to it
holding a jury trial.  28 U.S.C. 157(e).  Section 157(e) provides:

> If the right to a jury trial applies in a proceeding that
> may be heard under this section by a bankruptcy judge,
> the bankruptcy judge may conduct the jury trial if
> specially designated to exercise such jurisdiction by the
> district court and <u>with the express consent of all the
> parties</u>.

Id. (emphasis added).  Plaintiff's interpretation of Local Rule 9015-1
would mean that a party's failure to object under subpart (C) to a
demand for a jury trial before the bankruptcy court is the same as an
opposing party giving express consent to such a proceeding.  That
reading cannot be logically sustained.

When consent is required, there must be a demonstrable showing
that manifests one party's assent to another's will.  In the case of
express consent, the form of this assent is heightened.  It means
consent is "directly given, either <u>viva voce</u> or in writing.  It is
positive, direct, unequivocal consent, requiring no inference or
implication to supply its meaning." <u>Black's Law Dictionary</u> 305 (6th
ed. 1991).  Express consent by the parties in a bankruptcy action as
evidenced in their pleadings or in another form is necessary before
the bankruptcy court can hold a jury trial.  <u>See In re Lila, Inc.</u>, 133
B.R. 588, 590 (Bankr. E.D. Pa. 1991).  When all of the parties do not
consent to a jury trial in the bankruptcy court, none can be held.

14

In re Spookyworld, 266 B.R. 1, 6 n.1 (Bankr. D. Mass. 2001); see also In re Lars, Inc., 290 B.R. 467 (D.P.R. 2003) (noting bankruptcy court could not conduct jury trial without defendants' express consent) (citing United States ex rel. Rahman v. Oncology Assoc., P.C., 2000 WL 1074304 (D. Md. 2000) (holding that "[a] withdrawal of the reference is therefore required in instances where a defendant who is entitled to a jury trial does not consent to the holding of such trial in the Bankruptcy Court")).

Under § 157 express consent by all parties is a jurisdictional prerequisite to a bankruptcy court conducting a jury trial. See, e.g., In re Brickell Inv. Corp., 922 F.2d 696, 702 (11th Cir. 1991). Such express consent cannot be given by inaction and cannot be implied when any party sees fit to withhold it. See id. (rejecting the argument that a party impliedly consented to a bankruptcy jury trial). Thus, Local Rule 9501-1 cannot be read to impose express consent through waiver.

### III. Conclusion

Therefore, based on the foregoing analysis, the Court finds that Defendants' Seventh Amendment right to a jury trial for the non-core claims alleged in Plaintiff's Complaint, coupled with conserving scarce judicial resources, constitutes "cause" under § 157(d). Thus, pursuant to the custom of this District, the Court will withdraw the bankruptcy Reference under § 157(d) for the sole and limited purpose of conducting a trial in this matter on all counts of the Complaint

15

and allow the bankruptcy court to conduct all pre-trial matters including discovery and any dispositive motions.[6]  See, e.g., Stein, 158 B.R. at 880.

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** Defendants' Motion To Withdraw Reference, To Declare Adversary Proceeding Non-Core And For Transfer To District Court (DE 1) be and the same is hereby **GRANTED** as follows:

1. The automatic Reference for Bankruptcy Adversary Case styled James S. Feltman Chapter 11 Trustee of Certified HR Service v. Rosenbert, Rich, Baker, Berman & Company, and Frank S. LaForgia, Case No. 07-01399-BKC-RBR is hereby **WITHDRAWN** for the sole and limited purpose of conducting a trial in this matter on all counts of the Complaint and allow the bankruptcy court to conduct all pre-trial matters including discovery and any dispositive motions;

2. The Clerk of this Court is hereby **DIRECTED** to close for statistical purposes the above-styled cause James S. Feltman Chapter 11 Trustee of Certified HR Service v. Rosenbert, Rich, Baker, Berman & Company, and Frank S. LaForgia, Case No. 07-61169-CIV-ZLOCH pending trial in the above-styled cause;

3. The Parties to this action shall file a status report with the

---

[6] The issue of whether Defendant LaForgia has the right to a jury trial on other counts of the complaint is not properly before the Court at this time, because the time after the last pleading has been served in the action has not yet run under S.D. Fla. Bkr. L.R. 9501-1. Therefore, nothing in this Order should be construed to affect the Parties' rights concerning the same.

clerk of this Court every three months from the date of this Order;

    4.   This case shall be re-opened upon motion of either party or the Court's own motion if circumstances change so that this action may proceed to final disposition through a trial; and

    5.   This Order shall not prejudice the rights of the parties to this litigation.

    **DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this _29th_ day of _____MAY_____, 2008.


                                        WILLIAM J. ZLOCH
                                        United States District Judge


Copies furnished:

The Honorable Raymond Ray
United States Bankruptcy Court
For the Southern District of Florida

All Counsel of Record